FILED
2013 Jul-23  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| SUSIE A. KEMP and all other similarly situated female employees, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:12-cv-3858-VEH |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE COLLECTIVE
ACTION CLAIM WITHIN PLAINTIFF'S AMENDED COMPLAINT**

Defendant TARGET CORPORATION, by its attorneys and pursuant to

Federal Rule of Civil Procedure 12(b)(6) and the Court's July 2, 2013 Order,

hereby submits its Memorandum of Law in Support of Its Motion to Dismiss the

Collective Action Claim within Plaintiff's Amended Complaint.  For the reasons

set forth more fully below, Defendant requests that the Court grant its motion to

dismiss because Plaintiff failed to allege any facts that would entitle her to proceed

with a collective action claim pursuant to the Equal Pay Act of 1963, as amended,

29 U.S.C. § 206(d) (the "EPA").

## I.   INTRODUCTION

This purported collective action involves claims that Defendant pays female

Team Leaders, including Plaintiff, less than it pays male Team Leaders who

perform jobs of equal skill, responsibility, and effort under similar working conditions.[1]  Plaintiff alleges that Defendant's actions violate the EPA.

Plaintiff, however, has failed to allege any facts to plausibly support a collective action claim under the EPA.  Rather, Plaintiff's Amended Complaint contains little more than a handful of conclusory allegations asserting, without explanation, that Defendant violated the EPA by paying Plaintiff and similarly situated female employees who work as Team Leaders less than male employees who performed jobs of equal skill, responsibility, and effort under similar working conditions.  Such bare-boned allegations fail under the well-established pleading standards set forth by the United States Supreme Court and courts in this Circuit.  As a result, this Court should dismiss the EPA collective action claim asserted in Count I of Plaintiff's Amended Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1]    Plaintiff also asserts various individual claims based on her allegations that Defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.  ("ADA"), as well as violated the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) ("EPA").  See generally Dkt. No. 1.  Defendant is only moving to dismiss Plaintiff's purported collective action claim and, thus, does not discuss her individualized claims in the present motion.  Accordingly and contemporaneously with this motion, Defendant is filing its Answer and Affirmative Defenses to Plaintiff's Amended Complaint with respect to Plaintiff's individual claims.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff filed her Complaint on November 13, 2012, alleging that Defendant violated: (1) Title VII by discriminating against her based on her gender and by retaliating against her; (2) the FMLA by retaliating against her for taking intermittent leave; (3) the ADA by discriminating and retaliating against her based on her association with her disabled daughter and parents; and (4) the EPA by paying her and similarly situated female employees different wages than male employees for work requiring equal skill, effort, and responsibility.  See generally Dkt. No. 1.  Defendant filed its Answer to Plaintiff's Complaint on December 21, 2012.  (Dkt. No. 8.)  On June 3, 2013, Plaintiff sought leave to amend her Complaint, ostensibly to "more adequately state claims giving rise to class treatment under" the EPA.  (Dkt. No. 12.)  The Court granted Plaintiff leave to amend on July 2, 2013, resulting in Plaintiff filing her Amended Complaint the same day.  (Dkt. No. 13.)

Plaintiff asserts the same claims in her Amended Complaint that were in the Complaint, and now asserts that Defendant violated the EPA by providing "unequal payment of wages and unequal awarding of pay raises to the Plaintiff and other similarly situated female employees."  (Dkt. No. 13 at ¶ 1.)  Plaintiff

---

[2]     For purposes of this motion only, Defendant assumes all facts to be true as alleged in Plaintiff's Amended Complaint.

contends that the "similarly situated individuals" for the purported EPA class are "female employees who work as Team Leads" or "Team Leaders."  (Id. at ¶¶ 28-30.)  However, the singular fact proffered by Plaintiff in support of her putative EPA collective action is specific to Plaintiff's claim only -- that "Kemp is aware of two male employees -- Dustin Grubbs and Jason Kellner -- who worked for defendant in the same position as Kemp (team leaders) but defendant paid them more money.  Defendant paid Kemp approximately $12.96 per hour while it paid Grubbs approximately $18 per hour and Kellner approximately $22 per hour."[3] (Dkt. No. 13 at ¶ 10.)  The remainder of the "factual" allegations regarding the putative collective action claim amount to nothing more than a regurgitation of the legal elements articulated under the EPA.  (Id. at ¶¶ 10-13.)

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff Fails To State A Collective Action Claim Under The EPA As A Matter Of Law.

#### 1.   Applicable Legal Standard.

Plaintiff's purported collective action claim under the EPA should be dismissed because it fails to meet the proper pleading standard for complaints

---

[3]   Plaintiff identifies two male comparators in her pleadings, knowing full well they were Senior Team Leaders, which is a different position than the Team Leader job she held while employed by Defendant, and that she did not perform equal work requiring equal skill, effort, and responsibility as the males she identifies.  Plaintiff also conveniently fails to allege the fact that Defendant employed males who held the same Team Leader position she held during her employment.  See Fed. R. Civ. R. 11.

established by the United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 544, 555 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009).  In

these landmark cases, the Supreme Court explained very clearly that allegations in

a complaint must meet a standard of plausibility to survive a motion to dismiss.

<u>Twombly</u>, 550 U.S. at 564.  The Supreme Court in <u>Twombly</u> explained that "a

plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.]"  <u>Twombly</u>, 550 U.S. at 555 (brackets

in original; internal citation omitted).  The Supreme Court further explained that

for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual

allegations must be enough to raise a right to relief above the speculative level."

<u>Id</u>.

     In its subsequent <u>Iqbal</u> decision, the Supreme Court emphasized that, when

assessing the sufficiency of a civil complaint, a court must distinguish factual

contentions from "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements."  <u>Iqbal</u>, 556 U.S. at 678.  Thus, the

appropriate standard is clear -- Federal Rule of Civil Procedure 8 "does not unlock

the doors of discovery for a plaintiff armed with nothing more than conclusions."

<u>Id</u>. at 678-79.  A complaint should be dismissed unless it "contain[s] sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

Courts have routinely applied the standards articulated in Twombly and

Iqbal to putative collective action claims brought on behalf of "similarly situated

employees." [4]  See Pickering v. Lorillard Tobacco Co., Inc., 2:10-CV-633-WKW,

2011 U.S. Dist. LEXIS 3647, at *4-5 (M.D. Ala. Jan. 13, 2011) (dismissing

collective action claim where plaintiff "failed to plead or define any attributes of

the alleged similarly situated employees"); Dyer v. Lara's Trucks, Inc., No. 1:12-

cv-1785-TWT, 2013 U.S. Dist. LEXIS 21906, at *10 (N.D. Ga. Feb. 19, 2013) ("a

motion to dismiss is an appropriate vehicle for testing the sufficiency of the factual

allegations supporting a[] collective action").  In the collective action context, a

complaint must "indicate who [the alleged class members] are, and allege facts that

would entitle them to relief."  Zhong v. August August Corp., 498 F. Supp. 2d 625,

628 (S.D.N.Y. 2007).  Complaints that fail to do so are subject to dismissal.  Dyer,

2013 U.S. Dist. LEXIS 21906, at *11 (dismissing complaint where "the collective

---

[4]      The EPA, like Section 216(b) of the Fair Labor Standards Act of 1938, as
amended, 29 U.S.C. § 201 et seq. ("FLSA"), uses a collective action certification
process, allowing similarly situated individuals within the defined class to "opt
in" to the collective action proceedings, as opposed to the "opt out" process utilized
in class actions under Federal Rule of Civil Procedure 23.  See 29 U.S.C. §§ 206(d),
216(b).

cause of action does not give the Defendants fair notice of the Plaintiff's putative class").

Even accepting the truth of Plaintiff's allegations and drawing all reasonable inferences in her favor, her Amended Complaint fails to state a collective action claim that entitles Plaintiff to relief under the EPA as a matter of law.  The collective action claim, therefore, should be dismissed in its entirety with prejudice.

### 2. Plaintiff Fails To State An EPA Collective Action Claim As A Matter Of Law.

Plaintiff's putative EPA collective action claim should be dismissed because she has failed to assert any facts whatsoever to support such a claim.  The EPA provides relief to individuals who are discriminated against based on their gender with regard to pay.  29 U.S.C. § 206(d).  "In other words, an employer is prevented from paying employees working in similar positions with similar responsibilities and duties differently based on gender."  Ezekiel v. Tift County Sch. Dist., No. 7:08-cv-127 (HL), 2010 U.S. Dist. LEXIS 8230, at *6, 9 (M.D. Ga. Feb. 1, 2010) (dismissing EPA claim where plaintiff failed to allege any factual allegations regarding "whether the males to which she refers performed jobs requiring equal skill, effort or responsibility, or under similar working conditions.  In fact, were it not for Plaintiff's invocation of the EPA in paragraph one of her complaint, it

would not be possible to determine whether the Plaintiff was making an EPA claim as opposed to a Title VII complaint.").

Plaintiff's collective action allegations fall woefully short of the notice pleading requirement because they do not contain any factual averments beyond those that relate solely to Plaintiff's individual EPA claim.  Courts have repeatedly found that the phrase "all similarly situated employees" is "a legal conclusion[, which], absent some factual elaboration, is insufficient to satisfy Twombly's and Iqbal's pleading bar."  Pickering, 2011 U.S. Dist. LEXIS 3647, at *6-7 (noting that plaintiffs failed to make any claims about job duties or pay provisions relating to alleged "similarly situated employees"); see also Dyer, 2013 U.S. Dist. LEXIS 21906, at *10 (seeking putative collective "class of employees that is 'similarly situated in terms of job duties, pay, and compensation' . . . is a legal conclusion," warranting dismissal of class claims); St. Croix v. Genentech, Inc., 8:12-CV-891-T-33EAJ, 2012 U.S. Dist. LEXIS 86742, at *6-7 (M.D. Fla. June 22, 2012) ("[T]he Complaint provides no description of the job duties (or even the job titles) of the alleged similarly situated employees.  Nor are there any allegations concerning the similarly situated employees' pay provisions.  [Plaintiff] merely seeks relief on behalf of 'numerous individuals who were similarly situated'-- a legal conclusion that does not satisfy Twombly and Iqbal pleading standards."); Zhong, 498 F. Supp. 2d at 631 (dismissing collective action claim where plaintiff "neither

generally nor specifically names or references any other plaintiffs," besides references to "others similarly situated;" such vague references fail to "offer[] [defendant] sufficient notice of this aspect of his claim, [and fail to provide a] factual basis from which the Court can determine whether similarly situated plaintiffs do exist").

     Plaintiff fails to make any effort to allege facts that would support the existence of "similarly situated" individuals or that would avoid the conclusion that her claim should not proceed collectively.  Plaintiff describes the putative class members as merely being "similarly situated female employees who work as Team Leads" and "all other female Team Leaders" who perform work requiring "equal skill, effort, and responsibility" "under similar working conditions" as male employees who are allegedly more highly compensated than they are.  (Dkt. No. 13 at ¶¶ 28-29.)  But, the Amended Complaint does not specify or explain any of the following:

- The identity of any putative class member beyond Plaintiff;

- What work or job duties the putative class members performed;

- What level of skill, effort, and responsibility was required to perform such work;

- The working conditions under which Plaintiff and the putative class members performed their jobs;

- What jobs the male employees held;

- What work or job duties the male employees at issue performed;

- What level of skill, effort, and responsibility was required to perform such work;

- Under what alleged similar working conditions the work was performed;

- Where the putative class members worked;

- Where the male employees worked;

- How the putative class members and the male employees at issue were paid (hourly or salaried), what specific amounts they were paid, and the difference between the amounts paid to male and female employees; and

- Whether Plaintiff and the putative class members worked under the same work rules and same compensation structure as the male employees.

Rather, the language supporting Plaintiff's EPA collective action claim is nothing more than a formulaic recitation of the legal elements identified in 29 U.S.C. § 206(d).  Compare Dkt. No. 13 at ¶¶ 10-13, 28-29, with 29 U.S.C. § 206(d).  These allegations epitomize the type of unsubstantiated labels and conclusions found insufficient by the Supreme Court and, thus, fail to state a claim upon which relief may be granted.

Moreover, even though Plaintiff states that putative class members include "Team Leaders," it is not sufficient for Plaintiff to merely allege that the putative class members have similar job titles.  See Pickering, 2011 U.S. Dist. LEXIS 3647, at *5 (dismissing collective action allegations as lacking specificity where plaintiff alleged "a job title, but not a job description").  Plaintiff must allege much more.

See id.  Plaintiff fails to make any allegations about the job duties for the putative

class members (or even herself), rendering Plaintiff's collective action EPA claim

the quintessential example of a "mere conclusory statement[]."  Iqbal, 556 U.S. at

678.  Notably, Defendant cannot discern from the Amended Complaint whether

Plaintiff is seeking to certify a class of female employees at its Oxford, Alabama

location, or at some other geographic or organizational level.  Similarly, Defendant

cannot determine whether Plaintiff seeks to certify a class of all female employees

who held the hourly Team Leader position that Plaintiff held, or whether she seeks

to include other Team Leader positions.  See, e.g., Dyer, 2013 U.S. Dist. LEXIS

21906, at *9 ("Moreover, counsel may have some incentive to keep the claims

unspecific to achieve the largest possible class; the motion to dismiss is a

defendant's shield against this danger.") (internal citation and quotations omitted).

In sum, it is clear that Plaintiff's EPA collective action claim is premised on sheer

speculation that has no factual support and that Plaintiff has wholly failed to

provide Defendant with fair notice regarding the scope of the putative class and her

claim.  Because Plaintiff has not met the pleading standards established in

Twombly and Iqbal, her collective action claim under the EPA should be dismissed

with prejudice.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court

dismiss the EPA collective action claim asserted under Count I of Plaintiff's

Amended Complaint in its entirety with prejudice.

Respectfully submitted,

TARGET CORPORATION

By s/ Lori H. Whitfield
Lori H. Whitfield
Alabama Bar No. ASB-2884-A47L
lwhitfield@seyfarth.com
Frederick T. Smith* (*pro hac vice* motion
pending)
Georgia Bar No. 657575
fsmith@seyfarth.com
Erin McPhail Wetty* (*pro hac vice* motion
pending)
Georgia Bar No. 165259
ewetty@seyfarth.com
Megan Poonolly* (*pro hac vice* motion
pending)
Georgia Bar No. 345633
mpoonolly@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Counsel for Defendant

Date: July 23, 2013

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| SUSIE A. KEMP and all other similarly situated female employees, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:12-cv-3858-VEH ) |
| TARGET CORPORATION, | ) ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I certify that on July 23, 2013, I filed the foregoing DEFENDANT'S

MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE

COLLECTIVE ACTION CLAIM WITHIN PLAINTIFF'S AMENDED

COMPLAINT with the Clerk of Court using the CM/ECF system, which will

automatically send notice of such filing to the following attorneys of record:

>           Courtney L. Calhoun
>           Lee D. Winston
>           Roderick T. Cooks
>           WINSTON COOKS, LLC
>           Two 20th Street North
>           Suite 1330
>           Birmingham, Alabama 35203

>                                    s/ Lori H. Whitfield
>                                    Counsel for Defendant

15877052v.4