FILED
2013 Sep-18  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| SUSIE A. KEMP, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: 1:12-CV-3858-VEH** |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

This is a civil action, originally filed on November 13, 2012, by the plaintiff, Susie A. Kemp, against the defendant, Target Corporation. (Doc. 1). On June 3, 2013, the plaintiff moved "to amend her Complaint to more adequately state claims giving rise to class treatment under the Equal Pay Act." (Doc. 12 at 1). That motion was granted, and, on July 2, 2013, the plaintiff filed an Amended Complaint. (Doc. 13 at 1.) Count One of the Amended Complaint alleges that the defendant violated the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and seeks to create a collective action consisting of "all of similarly situated female employees."[1] The case

---

[1] The Amended Complaint also alleges retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (Count Two); disability discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) (Count Three); gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* (Count Four); and retaliation in violation of Title VII and the ADA (Count Five).

is before the court on the defendant's motion to dismiss the collective action claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted.  For the reasons stated herein, the motion will be **GRANTED**.

## I.    MOTION TO DISMISS STANDARD

"[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  "Moreover, when ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded <u>facts</u> [and reasonable inferences drawn from those facts] as true." *Id*. (emphasis added).  A court looks to the facts alleged in the plaintiff's complaint, and not its merely conclusory statements, when ruling on a motion to dismiss.  Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations

---

The defendant does not seek to dismiss these counts.

must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## II.   ANALYSIS

The EPA, codified at 29 U.S.C. § 206(d), is part of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.  See also*, Barbara T. Lindemann & Paul Grossman, *Employment Discrimination Law* 1216 (4th ed. 2007) ("[T]he EPA is part of the Fair Labor Standards Act.").   The EPA provides:

> No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions[.]

29 U.S.C.A. § 206(d).  The FLSA provides:

> An action [under the EPA] may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b).  This "opt-in" class is typically referred to as a "collective action."  "The FLSA itself does not define how similar the employees must be before

3

the case may proceed as a collective action." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008).  The employees should be " 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan*, 551 F3d at 1259 (quoting *Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir.1991)).  However, the positions need not be identical, only similar. *Id.* at 1260 (citing *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996)).

"[A] motion to dismiss is an appropriate vehicle for testing the sufficiency of the factual allegations supporting an [EPA] collective action." *Dyer v. Lara's Trucks, Inc.*, 1:12-CV-1785-TWT, 2013 WL 609307 at *4 (N.D. Ga. Feb. 19, 2013).  To satisfy the plaintiff's pleading requirements, "the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Zhong v. August August Corp*., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).  In *Zhong* the court held that the attempt to "initiate collective action certification by [only] invoking the phrase 'other similarly situated,'" is not sufficient. *Zhong*, 498 F. Supp. 2d at 631.  The court held that dismissal was appropriate in part because the complaint "neither generally nor specifically names or references any other plaintiffs. Thus, [the plaintiff] has not offered [the defendant] sufficient notice of this [similarly situated] aspect of his claim, or factual basis from which the [c]ourt can determine

whether similarly situated plaintiffs do exist." *Id.*

Similarly, in *Pickering v. Lorillard Tobacco Co., Inc.*, 2:10-CV-633-WKW, 2011 WL 111730 at *1  (M.D. Ala. Jan. 13, 2011) the plaintiff alleged that "while employed full-time by [d]efendant as a sales representative, [d]efendant did not pay him overtime for hours he worked beyond forty hours per week, in violation of the [FLSA]."   The court noted that this was insufficient under *Twombly* and *Iqbal* writing: "That he worked as a full-time 'sales representative' is the only detail provided in the Complaint about Plaintiff's job. This is a job title, but not a job description." *Pickering*, 2011 WL 111730 at *2 (record citation omitted).  Further, the court noted:

> Moreover, there is no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint. Nor are there any allegations concerning the similarly situated employees' pay provisions. Plaintiff merely seeks relief on behalf of "all similarly situated employees." This phrase is a legal conclusion and, absent some factual elaboration, is insufficient to satisfy *Twombly's* and *Iqbal's* pleading bar.

*Id; see also*, *St. Croix v. Genentech, Inc.*, 8:12-CV-891-T-33EAJ, 2012 WL 2376668 at *3  (M.D. Fla. June 22, 2012) (complaint which failed to provide plaintiff's job description, or the job description of the alleged similarly situated employees, or their pay provisions, does not satisfy *Twombly* and *Iqbal*).

In this case, the totality of the EPA allegations are as follows:

9. Susie Kemp worked for Defendant at its Anniston, AL location from June 1, 2006 to February 6, 2012 as a Team Leader, which is an hourly supervisory position.

10. While employed with Defendant, Defendant paid Kemp less than it paid her male counterparts who worked in the same position as Kemp—Team Leader. Defendant pays different wages to employees of the male sex for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions as that of Kemp and similarly situated female employees who work as Team Leaders. In particular, Kemp is aware of two male employees—Dustin Grubbs and Jason Kellner—who worked for defendant in the same position as Kemp (team leaders) but defendant paid them more money. Defendant paid Kemp approximately $12.96 per hour while it paid Grubbs approximately $18 per hour and Kellner approximately $22 per hour.

11. Additionally, Defendant awarded greater pay raises to Team Leader employees of the male sex than it awarded Kemp and other similarly situated female employees in the same position.

12. Upon information and belief, the Defendant pays the Plaintiff and other similarly situated female Team Leaders less than male Team Leaders for performing jobs of equal skill, responsibility and effort under similar working conditions as the Plaintiff. This is done through the unequal payment of wages and unequal distribution of pay raises.

13. The Defendant willfully violated and continues to violate the Equal Pay Act by paying the Plaintiff Kemp and other female Team Leaders unequal wages and awarding unequal pay raises to those of similarly situated males and others performing a job of equal skill, responsibility and effort under similar working conditions.

(Doc. 13 at 3-4).

The allegations that the putative class members are "similarly situated female

employees who work as Team Leads" and "all other female Team Leaders" who perform work requiring "equal skill, effort, and responsibility" "under similar working conditions" as male employees, are exactly the type of "formulaic recitation of the elements of a cause of action" which *Iqbal* states "will not do." *Iqbal*, 556 U.S. at 678 (citation omitted) (compare doc. 13 at 3-4 with 29 U.S.C. § 206(d)); see also, Dyer, 2013 WL 609307 at *4 (use of the phrase "similarly situated in terms of job duties, pay, and compensation" is a legal conclusion and is insufficient under *Twombly* and *Iqbal*). Further, "Team Lead" and "Team Leader" are job titles, not descriptions. *Pickering*, 2011 WL 111730 at *2. Also, the discussion of the two male employees in the complaint relates only to the plaintiff's claim, not necessarily the class. Even if it related to the class, the plaintiff fails to describe any jobs, of any person. Indeed, as noted by the brief in support of the motion to dismiss:

> [T]he Amended Complaint does not specify or explain any of the following:
>
> • The identity of any putative class member beyond [p]laintiff;
>
> • What work or job duties the putative class members performed;
>
> • What level of skill, effort, and responsibility was required to perform such work;
>
> • The working conditions under which Plaintiff and the putative class members performed their jobs;

- What jobs the male employees held;

- What work or job duties the male employees at issue performed;

- What level of skill, effort, and responsibility was required to perform such work;

- Under what alleged similar working conditions the work was performed;

- Where the putative class members worked;

- Where the male employees worked;

- How the putative class members and the male employees at issue were paid (hourly or salaried), what specific amounts they were paid, and the difference between the amounts paid to male and female employees; and

- Whether Plaintiff and the putative class members worked under the same work rules and same compensation structure as the male employees.

(Doc. 19-1 at 9).  While not all of these details may be necessary, something more that what has been alleged must appear in the complaint to make it "plausible" that there are similarly situated employees.  Indeed, on the face of this complaint, it is unclear whether the plaintiff seeks to certify a class of employees at only the Oxford, Alabama store, or on a larger scale.

The plaintiff cites *Garner v. G.D. Searle Pharm. & Co.*, 802 F. Supp. 418 (M.D. Ala. 1991), a pre-*Twombly* opinion, for the proposition that the plaintiff is not

required to provide the names of "similarly-situated female Team Leaders." (Doc. 26 at 6). In *Garner*, the complaint alleged that the defendants "have willfully violated the [EPA] . . . by paying women less than men for performing jobs of equal skill, responsibility and effort under similar working conditions," and that "males were hired [by defendant] as sales representatives and were paid more than [the named plaintiffs] and other female sales representatives for performing jobs of equal skill , responsibility and effort under similar working conditions." *Garner*, 802 F. Supp. at 421. The court rejected the defendant's argument that "the plaintiff's amended complaint does not adequately establish their intent to pursue a collective action," and held that "[t]hese allegations are sufficient to encompass a collective action." *Id.* As noted however, because it is pre-*Twombly*, *Garner* did not subject the complaint to the "plausibility" standard and so it is not persuasive.

## III.   CONCLUSION

The motion to dismiss the collective action claims is **GRANTED**.  In lieu of a dismissal <u>with prejudice</u>, the plaintiff asks the court to either allow her to amend the complaint again, or dismiss the collective action claim <u>without prejudice</u> "so that the plaintiff may, upon obtaining more information, re-plead the claim with the requisite particularity." (Doc. 26 at 8).  After due consideration, the plaintiff's collective action claim is **DISMISSED, without prejudice**.  The plaintiff is granted leave to

9

file a Second Amended Complaint within 14 days to address the issues discussed in

this opinion.  Thereafter, the defendant may answer or otherwise proceed as provided

in the rules.

      **DONE** and **ORDERED** this 18th day of September, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge